UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KYLE RAYMOND MILLIS,

          Petitioner,          Case No. 1:25-cv-530

v.                                        Honorable Phillip J. Green

RANDEE REWERTS,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes

that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I. Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On June 26, 2019, the Kent County Circuit Court sentenced Petitioner to an aggregate sentence of 35 to 65 years after Petitioner pleaded *nolo contendere* to three counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b(1)(b), and one count of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c(1)(b). *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=464001 (last visited May 12, 2025). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented" on February 13, 2020. *See* Register of Actions, *People v. Millis*, No. 351989 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/351989 (last visited May 12, 2025). The Michigan Supreme Court denied Petitioner's application for leave to

2

appeal on February 2, 2021. *See id.* Petitioner did not seek certiorari from the United States Supreme Court. (§ 2254 Pet., ECF No. 1, PageID.4.)

Petitioner indicates that he filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502 on March 29, 2022. (§ 2254 Pet., ECF No. 1, PageID.4.) The trial court denied his motion on March 12, 2024. (*Id.*, PageID.6.) The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on August 20, 2024. *See* Register of Actions, *People v. Millis*, No. 370630, https://www.courts.michigan.gov/c/courts/coa/case/370630 (last visited May 12, 2025). On November 20, 2024, the Michigan Supreme Court administratively dismissed Petitioner's application for leave to appeal because it was not timely filed with that court. *See id.*

The Court received Petitioner's § 2254 petition on May 8, 2025. Petitioner raises the following ground for relief in his petition:

    I.    [Petitioner] was denied the effective assistance of counsel on appeal when appellate counsel raised, but failed to first adequately investigate and establish the factual predicate for the ineffective assistance of trial counsel [Petitioner] received during plea negotiations.

(§ 2254 Pet., ECF No. 1, PageID.7.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner, however, did not date his § 2254 petition. The

3

envelope in which he mailed his petition is postmarked as of May 2, 2025. (§ 2254 Pet., ECF No. 1, PageID.16.) A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem May 2, 2025, the postmark date, to be the date on which Petitioner filed his § 2254 petition.

## II.   Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.   Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 2, 2021. Petitioner did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.4.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, that period expired 150 days after February 2, 2021, or on Friday, July 2, 2021. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding

the extension for orders denying discretionary review issued on or after July 19, 2021). Petitioner, therefore, had one year from July 2, 2021, until Saturday, July 2, 2022,[1] to file his habeas petition. That deadline was extended, however, to Tuesday, July 5, 2022, because of both the weekend and the July 4th federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). As set forth above, Petitioner did not file his § 2254 petition until May 2, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

### B. Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The Supreme Court has held that an "application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."

---

[1] The Sixth Circuit has confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

6

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal footnote omitted) (emphasis in original). Thus, an application is not "properly filed" when the state court rejects it as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005); *Artuz*, 531 U.S. at 8–9; *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Moreover, a federal habeas petition may not challenge the state court's determination of timeliness; "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil*, 276 F.3d at 771.

Here, 270 days of the limitations period passed until Petitioner filed his Rule 6.502 motion on March 29, 2022. (§ 2254 Pet., ECF No. 1, PageID.4.) The trial court denied the motion on March 12, 2024. (*Id.*, PageID.6.) Public records indicate that the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on August 20, 2024. Petitioner, therefore, is entitled to statutory tolling for the time period from March 29, 2022, until August 20, 2024.

As set forth *supra*, Petitioner did seek leave to appeal to the Michigan Supreme Court; however, that court administratively dismissed Petitioner's application as untimely filed on November 20, 2024. Petitioner, therefore, is not entitled to statutory tolling for the entire period from August 21, 2024, until November 20, 2024, because of that untimely application for leave to appeal. *See Hill v. Randle*, 27 F. App'x 494, 496 (6th Cir. 2001). Petitioner had 56 days to file a timely application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Those 56 days expired as of Tuesday, October 15, 2024. Petitioner, therefore, is entitled to

equitable tolling for the period from August 21, 2024, until October 15, 2024, when his time for filing a timely application for leave to appeal to the Michigan Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000).

In sum, Petitioner is entitled to statutory tolling from March 29, 2022, when he filed his Rule 6.502 motion, until October 15, 2024, when his time for filing a timely application for leave to appeal to the Michigan Supreme Court expired. By that time, only 95 days of the limitations period remained. Accordingly, the limitations period began to run again on October 16, 2024, and expired on Monday, January 20, 2025. Petitioner, however, did not file his § 2254 petition until May 2, 2025. Thus, even with the benefit of any statutory tolling, Petitioner's § 2254 petition is untimely.[2]

C.  **Equitable Tolling**

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter*

---

[2] Even if Petitioner were entitled to statutory tolling for the entire time period during which his untimely application for leave to appeal was pending before the Michigan Supreme Court, his § 2254 petition would still be untimely filed. As noted, the supreme court administratively dismissed Petitioner's untimely application on November 20, 2024. Using that date, the limitations period would have expired 95 days later, on February 24, 2025. Petitioner, however, did not file his § 2254 petition until more than two months following that date.

*v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As an initial matter, the fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In his petition, Petitioner suggests that he "has satisfied his burden of demonstrating entitlement to equitable tolling." (§ 2254 Pet., ECF No. 1, PageID.14.) Petitioner references a letter dated November 21, 2024, in which the Michigan Supreme Court notified Petitioner that his application for leave to appeal had been received and accepted for filing. (*Id.*) However, in a subsequent letter dated April 21, 2025, responding to a letter from Petitioner asking about the status of his appeal, the supreme court advised Petitioner that the letter as of November 21, 2024, had been generated in error and reiterating that Petitioner's appeal was administratively

9

dismissed as of November 20, 2024. (*Id.*) Petitioner has attached copies of these letters to his § 2254 petition. (ECF Nos. 1-1, 1-2.)

The error by the Michigan Supreme Court in generating the November 21, 2024, notice letter, however, does not entitle Petitioner to equitable tolling of the limitations period. While it could be argued that Petitioner attempted to diligently pursue his right to seek leave to appeal the denial of his Rule 6.502 motion to the Michigan Supreme Court, Petitioner does not explain, and the Court does not discern, how the Michigan Supreme Court's error prevented him from timely filing his § 2254 petition in any way. Granted, because Petitioner is not entitled to statutory tolling for the entire time during which his untimely application was pending before the Michigan Supreme Court, his limitations period expired as of January 20, 2025. In an abundance of caution, Petitioner could have filed his § 2254 petition with this Court before the Michigan Supreme Court ruled upon any application for leave to appeal, and he could have requested a stay of proceedings in this Court until the Michigan Supreme Court issued its filing ruling. Moreover, even if the Court gave Petitioner the benefit of statutory tolling until the application for leave to appeal was dismissed on November 20, 2024, Petitioner fails to explain why he could not file his § 2254 petition on or before February 24, 2025.

In light of the foregoing discussion, the Court cannot conclude at this time that Petitioner is entitled to equitable tolling of the statute of limitations.

10

### D.     Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.     Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner, however, indicates that the sole ground for relief that he raises in his § 2254 petition is one of the grounds for relief that he raised in his Rule 6.502 motion. (§ 2254 Pet., ECF No. 1, PageID.4, 10.) In light of that fact, the Court seeks no basis for how § 2244(d)(1)(D) could apply to render Petitioner's § 2254 petition timely filed.

In sum, based on the allegations set forth in the petition, even with the benefit of statutory tolling, the one-year limitations period had expired well before Petitioner filed his § 2254 petition on May 2, 2025. Petitioner offers no basis for statutory tolling or equitable tolling. Moreover, as set forth above, Petitioner has not demonstrated entitlement to belated commencement of the limitations period at this time.

## **Conclusion**

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:  May 13, 2025                              /s/ Phillip J. Green
                                                                                           PHILLIP J. GREEN
                                                                                           United States Magistrate Judge