UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYLE RAYMOND MILLIS,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.

_____/

Case No. 1:25-cv-530

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 4.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 5.) The Court received Petitioner's response (ECF No. 6) on May 29, 2025.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson*

*v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After reviewing Petitioner's response, the Court concludes that Petitioner has not shown cause why his petition should not be dismissed as untimely. Accordingly, the Court will dismiss Petitioner's petition with prejudice as untimely.

## Discussion

### I.      Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On June 26, 2019, the Kent County Circuit Court sentenced Petitioner to an aggregate sentence of 35 to 65 years after Petitioner pleaded *nolo contendere* to three counts of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b(1)(b), and one count of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c(1)(b). *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=464001 (last visited June 10, 2025). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented" on February 13, 2020. *See* Register of Actions, *People v. Millis*, No. 351989 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/351989 (last visited June 10, 2025). The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 2, 2021. *See id.* Petitioner did not seek certiorari from the United States Supreme Court. (§ 2254 Pet., ECF No. 1, PageID.4.)

Petitioner indicates that he filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502 on March 29, 2022. (§ 2254 Pet., ECF No. 1, PageID.4.) The trial court denied his motion on March 12, 2024. (*Id.*, PageID.6.) The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on August 20, 2024. *See* Register of Actions, *People v. Millis*, No. 370630, https://www.courts.michigan.gov/c/courts/coa/case/370630 (last visited June 10, 2025). On November 20, 2024, the Michigan Supreme Court administratively dismissed Petitioner's application for leave to appeal because it was not timely filed with that court. *See id*.

The Court received Petitioner's § 2254 petition on May 8, 2025. Petitioner raises the following ground for relief in his petition:

> I. [Petitioner] was denied the effective assistance of counsel on appeal when appellate counsel raised, but failed to first adequately investigate and establish the factual predicate for the ineffective assistance of trial counsel [Petitioner] received during plea negotiations.

(§ 2254 Pet., ECF No. 1, PageID.7.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner, however, did not date his § 2254 petition. The envelope in which he mailed his petition is postmarked as of May 2, 2025. (§ 2254 Pet., ECF No. 1, PageID.16.) A prisoner can establish timely filing under the prison mailbox rule by providing other evidence, such as a postmark or date-stamp, indicating timely filing. *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016). Here, because Petitioner did not date his petition, the Court will deem May 2, 2025, the postmark date, to be the date on which Petitioner filed his § 2254 petition.

3

**II.     Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**A.     Timeliness Under § 2244(d)(1)(A)**

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 2, 2021. Petitioner

4

did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.4.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, that period expired 150 days after February 2, 2021, or on Friday, July 2, 2021. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021). Petitioner, therefore, had one year from July 2, 2021, until Saturday, July 2, 2022,[1] to file his habeas petition. That deadline was extended, however, to Tuesday, July 5, 2022, because of both the weekend and the July 4th federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). As set forth above, Petitioner did not file his § 2254 petition until May 2, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

B.    **Statutory Tolling**

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[1] The Sixth Circuit has confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

5

pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The Supreme Court has held that an "application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal footnote omitted) (emphasis in original). Thus, an application is not "properly filed" when the state court rejects it as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005); *Artuz*, 531 U.S. at 8–9; *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Moreover, a federal habeas petition may not challenge the state court's determination of timeliness; "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil*, 276 F.3d at 771.

Here, 270 days of the limitations period passed until Petitioner filed his Rule 6.502 motion on March 29, 2022. (§ 2254 Pet., ECF No. 1, PageID.4.) The trial court denied the motion on March 12, 2024. (*Id.*, PageID.6.) Public records indicate that the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on August 20, 2024. Petitioner, therefore, is entitled to statutory tolling for the time period from March 29, 2022, until August 20, 2024.

As set forth *supra*, Petitioner did seek leave to appeal to the Michigan Supreme Court; however, that court administratively dismissed Petitioner's application as untimely filed on November 20, 2024. Petitioner, therefore, is not entitled to statutory tolling for the entire period from August 21, 2024, until November 20, 2024, because of that untimely application for leave to

6

appeal. *See Hill v. Randle*, 27 F. App'x 494, 496 (6th Cir. 2001). Petitioner had 56 days to file a timely application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Those 56 days expired as of Tuesday, October 15, 2024. Petitioner, therefore, is entitled to equitable tolling for the period from August 21, 2024, until October 15, 2024, when his time for filing a timely application for leave to appeal to the Michigan Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000).

In sum, Petitioner is entitled to statutory tolling from March 29, 2022, when he filed his Rule 6.502 motion, until October 15, 2024, when his time for filing a timely application for leave to appeal to the Michigan Supreme Court expired. By that time, only 95 days of the limitations period remained. Accordingly, the limitations period began to run again on October 16, 2024, and expired on Monday, January 20, 2025. Petitioner, however, did not file his § 2254 petition until May 2, 2025. Thus, even with the benefit of any statutory tolling, Petitioner's § 2254 petition is untimely.[2]

C. **Equitable Tolling**

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933

---

[2] Even if Petitioner were entitled to statutory tolling for the entire time period during which his untimely application for leave to appeal was pending before the Michigan Supreme Court, his § 2254 petition would still be untimely filed. As noted, the supreme court administratively dismissed Petitioner's untimely application on November 20, 2024. Using that date, the limitations period would have expired 95 days later, on February 24, 2025. Petitioner, however, did not file his § 2254 petition until more than two months following that date.

7

(6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As an initial matter, the fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In his petition, Petitioner suggests that he "has satisfied his burden of demonstrating entitlement to equitable tolling." (§ 2254 Pet., ECF No. 1, PageID.14.) Petitioner references a letter dated November 21, 2024, in which the Michigan Supreme Court notified Petitioner that his application for leave to appeal had been received and accepted for filing. (*Id.*) However, in a subsequent letter dated April 21, 2025, responding to a letter from Petitioner asking about the status of his appeal, the supreme court advised Petitioner that the letter as of November 21, 2024, had been generated in error and reiterating that Petitioner's appeal was administratively dismissed as of November 20, 2024. (*Id.*) Petitioner has attached copies of these letters to his § 2254 petition. (ECF Nos. 1-1, 1-2.)

In his response to the Court's opinion and order to show cause, Petitioner reiterates the procedural history set forth above and requests equitable tolling from November 21, 2024, until

8

April 21, 2025. (ECF No. 6, PageID.45.) Petitioner suggests that the delay in learning that the supreme court's November 21, 2025, letter had been generated in error constitutes an extraordinary circumstance warranting tolling. For the reasons set forth below, the Court does not agree with Petitioner's argument.

The Sixth Circuit has held that "a substantial involuntary delay in learning about the status of [a petitioner's] appeal[]" may constitute extraordinary circumstances to warrant equitable tolling of the limitations period under AEDPA. *See Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (citing *Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002)). The *Robinson* court noted, however, noted that a petitioner may not seek equitable tolling if he or she "passively await[ed] decision." *Id.* at 443. Here, the record before the Court does not establish that Petitioner "diligent[ly] monitored the progress of his appeal." *Keeling*, 673 F.3d at 463–64 (citing *Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003)).

The Michigan Supreme Court administratively dismissed Petitioner's application for leave to appeal as untimely on November 20, 2024. Petitioner provides no evidence that he did not receive that decision. A day later, on November 21, 2024, the supreme court issued the erroneous letter advising Petitioner that his application for leave to appeal had been received and accepted for filing. Despite receipt of these two opposing notifications from the Michigan Supreme Court, Petitioner waited until four months had passed, or until April of 2025, to inquire about the status of his appeal.

Granted, Petitioner did not sit on his rights for as long as the petitioners in *Keeling* and *Robinson* did. In *Keeling*, the petitioner admitted to waiting almost three years after his direct appeal was decided before filing a post-conviction motion. *Id.* In *Robinson*, the petitioner "sat on his rights for a year and a half." *Robinson*, 424 F. App'x at 443. Here, however, the Court cannot

9

say that Petitioner acted diligently by waiting four months to inquire about the status of his appeal when provided with two conflicting decisions by the Michigan Supreme Court, issued within one day of each other. Any diligent petitioner who received the two notices that Petitioner did would surely have reached out to the Michigan Supreme Court to receive clarification well before Petitioner did in April of 2025.

In light of the foregoing discussion, the Court cannot agree with Petitioner that he is entitled to equitable tolling of the statute of limitations.

### D.     Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no

10

reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E. Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Finally, § 2244(d)(1)(D) provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner does not set forth any facts that suggest he did not discover the factual predicate of his ineffective assistance of appellate counsel claim immediately upon the Michigan Court of Appeals' denial of his application for leave to appeal on April 1, 2020.

In sum, the limitations period expired as of January 20, 2025, and Petitioner has failed to show cause to excuse the tardy filing of his § 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

### III. Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467

(6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could find the Court's conclusion regarding equitable tolling to be debatable. *See id.* at 484. The Court, therefore, will grant a certificate of appealability with respect to the issue of whether equitable tolling should apply in Petitioner's case. With respect to all of the Court's other conclusions regarding the timeliness of Petitioner's § 2254 petition, the Court finds that reasonable jurists could not find those conclusions debatable. Therefore, the Court will deny Petitioner a certificate of appealability with respect to those conclusions.

## Conclusion

For the reasons set forth above, the Court will enter a judgment dismissing Petitioner's § 2254 petition with prejudice as untimely. The Court will also enter an order granting a certificate of appealability with respect to the issue of whether equitable tolling should apply in Petitioner's case and denying a certificate of appealability with respect to all of the Court's other conclusions regarding the timeliness of Petitioner's § 2254 petition.

Dated:   June 13, 2025                        /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge